Candido ROSAS OCAMPO; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–74381.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 14, 2010.

Candido Rosas Ocampo, Anaheim, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victoria Sanchez Hernandez, Anaheim, CA, pro se.

Rogelio Rosas Sanchez, Anaheim, CA, pro se.

Emily Anne Radford, Vanessa Lefort, Mary Lee Quinn, Esquire, Trial, U.S. Department of Justice, Washington, DC, CAC-District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Candido Rosas Ocampo, Victoria Sanchez Hernandez, and their son, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because the motion failed to set forth any new facts or submit any new evidence contrary to the Immigration Judge's dispositive determination that they failed to demonstrate the continuous physical presence required for cancellation of removal. *See id.* (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary,

irrational, or contrary to law."); *see also* 8 U.S.C. § 1229b(b)(1). Petitioners' due process claim therefore fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for due process violation).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).